IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SON VU KHAI TRAN,                        §
                                         §
              *Petitioner*,              §
                                         §
v.                                       §        CIVIL ACTION NO. H-08-0097
                                         §
RICK THALER,                             §
                                         §
              *Respondent*.              §

## MEMORANDUM OPINION AND ORDER

Son Vu Khai Tran, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his murder conviction. Respondent filed a motion for summary judgment (Docket Entry No. 18), to which petitioner responded. (Docket Entries No. 21-23.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action for the reasons that follow.

## I.  PROCEDURAL BACKGROUND AND CLAIMS

Petitioner was found guilty of capital murder and sentenced to death. The Texas Court of Criminal Appeals affirmed the conviction and sentence in an unpublished opinion. *Tran v. State*, No. 74,040 (Tex. Crim. App. 2003). In 2005, the Governor of Texas commuted petitioner's sentence to life imprisonment due to the fact that he was seventeen years of age at the time he committed the offense. His state application for habeas relief,

filed by counsel, was denied in part and dismissed as moot in part by the Texas Court of

Criminal Appeals. *Ex parte Tran*, Application No. WR-65056-02.

In the instant petition, petitioner complains that the trial court erred in failing to

compel the testimony of his two co-defendants regarding his unlawful arrest and transport

by police officers. He further complains that trial counsel was ineffective in failing to object

to the trial court's ruling.[1]

Respondent moves for summary judgment, and argues that these claims are either

procedurally barred or without merit.

## II.  THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief

cannot be granted on legal issues adjudicated on the merits in state court unless the state

adjudication was contrary to clearly established federal law as determined by the Supreme

---

[1]Petitioner stated as follows: "Petitioner was denied his Constitutional right to put on a complete and total defense in violation of the Due Process Clause, and subsequently the right to effective assistance of counsel because the Trial Judge did not compel Petitioner's witnesses to answer questions regarding the lawfulness of the arrest and the subsequent transportation to the police department for questioning where Petitioner's confession was illegally obtained." (Docket Entry No. 1, p. 7.)  Although petitioner's assertion raises no factual predicate for a *Strickland* claim, respondent properly construed the assertion as raising such claim under the "liberal construction" requirement of *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his response, petitioner further argues that he was unconstitutionally seized and that his confession was the fruit of the poisonous tree, citing *Kaupp v. Texas*, 538 U.S. 626 (2003).  The Court will not liberally construe this as raising a Fourth Amendment claim regarding petitioner's arrest and subsequent confession, as the claim would be barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976).

Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

3

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. Rule 56.  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  Thereafter, the burden shifts to the nonmoving party to show with "significant probative evidence" that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While Rule 56 regarding summary judgment applies generally with equal force in the context of habeas corpus cases, *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *See* Rule 11 of the Rules Governing Section 2254 Cases in District Courts.  Therefore, section 2254(e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *Id.*  Unless the petitioner can

rebut the presumption of correctness by clear and convincing evidence as to the state court's

findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than

those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188

F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction

that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at

521. Nevertheless, the notice afforded by the Federal Rules of Civil Procedure and the local

rules is considered sufficient to advise a *pro se* party of his burden in opposing a summary

judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### III.  ANALYSIS

A.    <u>Trial Court Error</u>

Petitioner asserts that the trial court erred in failing to compel the testimony of his two

co-defendants at his pretrial suppression hearing and at trial. He states that, as a result, he

was unable to obtain their anticipated testimony regarding his unlawful arrest and transport

to the police station. (Docket Entry No. 1, p. 7.) In rejecting this argument on direct appeal,

the Texas Court of Criminal Appeals found as follows:

> In his third and fourth points of error, appellant alleges that the trial court erred
> in failing to compel the testimony of his co-defendants, Truc Hoang and
> Donnie [Dung] Tran, at the motion to suppress hearing and at the trial. When
> the defense called Truc and Donnie to testify at the suppression hearing, and
> again at trial, they both asserted their Fifth Amendment privilege against
> self-incrimination. The trial court ruled that Truc and Donnie could not be
> compelled to testify. Appellant did not object to the trial court's ruling and did

5

not make an offer of proof as to what Truc and Donnie would have testified to, had they been so compelled.

[FN. The record reflects that, at the suppression hearing, appellant called the two witnesses to testify and they each stated that they would like to exercise their Fifth Amendment right not to give testimony at the hearing. After Donnie was questioned by the trial court and invoked his right not to testify, appellant simply stated that 'I think he has the right not to incriminate himself[.] I'm not sure he has the right not to testify.' He did not object to the trial court's ruling or argue in contravention of that ruling with regard to either witness. At trial, after the state rested, appellant stated that he wanted to put the two co-defendants on the witness stand 'and have them reiterate what they said.' Outside the presence of the jury, the two witnesses again indicated that they wanted to invoke their Fifth Amendment right not to testify. Again, appellant failed to object to or argue against the trial court's ruling.]

Appellant has not, therefore, preserved error for our review. Appellant's third and fourth points of error are overruled. [FTN. We also observe that this Court has held that a person's constitutional privilege against self-incrimination overrides and is superior to a defendant's constitutional right to compulsory process of witnesses. We have also held that a trial court cannot compel a witness to answer questions unless it is perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken in asserting the privilege, and that the answer cannot possibly tend to incriminate the witness.]

*Tran v. State*, No. 74,040, 2003 WL 1799013, *5 (Tex. Crim. App. 2003) (citations omitted).

Thus, the state court on direct appeal held that petitioner failed to preserve the issue for review by not objecting at trial or presenting an offer of proof as to the co-defendants' testimony had they been compelled to testify.

Petitioner also raised this issue on state collateral review. In rejecting petitioner's argument, the trial court made the following relevant findings:

5.    Based on the lack of objection to the trial court's ruling not to compel the testimony of co-defendants Truc Hoang and Dung Tran, the

6

applicant is procedurally barred from advancing his habeas complaint that the trial court erred in allowing Hoang and Tran to assert their privilege against self-incrimination. *See* [citation] (holding that defendant's failure to comply with Texas contemporaneous objection rule constituted adequate and independent state-law procedural ground sufficient to bar federal habeas); *Tran*, 2003 WL 1779901, at *5.

6.    In the alternative, the trial court properly refused to compel co-defendants Tran and Hoang from testifying in the applicant's pre-trial hearing and trial after they asserted their privilege against self-incrimination, pursuant to [the Fifth Amendment]. *See* [citation] (holding individual's constitutional privilege against self-incrimination overrides defendant's constitutional right to compulsory process of witnesses).

7.    The trial court properly refused to compel co-defendants Tran and Hoang from testifying in the applicant's pre-trial hearing and trial . . . because of the likelihood of their testimony implicating them in [an earlier, related] murder, a murder for which they had not been charged, and the likelihood of their testimony exposing them to perjury charges.

8.    The trial court properly refused to compel co-defendant [Dung] Tran from testifying in the applicant's trial based on the trial court being aware of [Dung] Tran's involvement in the [earlier] murders through the State's previously presented guilt-innocence testimony.

9.    The trial court properly refused to compel co-defendant Hoang's testimony after Hoang consulted with his attorney about the impact of his testimony and invoked his privilege against self-incrimination based on his attorney's advice.

*Ex parte Tran*, pp. 235-237 (citations and record references omitted).

Respondent correctly asserts that the issue is procedurally defaulted and barred from consideration by this Court. It is well-settled that federal review of a habeas claim is procedurally barred if, as occurred here, the last state court to consider the claim expressly based its denial of relief on a state procedural default. *See Coleman v. Thompson*, 501 U.S.

722, 729 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). The "contemporaneous objection rule" constitutes an adequate and independent state ground that procedurally bars federal habeas review. *See Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007). Absent petitioner's demonstration of good cause for the default and actual prejudice as a result of the alleged violation of federal law, or that a miscarriage of justice will result, the Court may not consider his claim. *Ogan v. Cockrell*, 297 F.3d 349, 356 (5th Cir. 2002); *see also Rowell v. Dretke*, 398 F.3d 370, 375 (5th Cir. 2005).

To any extent that petitioner claims, or could claim, that "good cause" is shown by his counsel's ineffective assistance in failing to object properly at the suppression hearing and trial, his argument is without merit. As shown *infra*, the Court finds no merit in petitioner's ineffective assistance of counsel claim.

In order to show "actual prejudice," a habeas petitioner must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *U.S. v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991). To demonstrate "miscarriage of justice," a petitioner must establish that, as a factual matter, he is actually innocent of the crime for which he was convicted. *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000). To surmount a procedural default through a showing of actual innocence, a petitioner must support his allegations with new, reliable evidence that was not presented at trial, and must show that, in light of this evidence, it is more likely than not that

8

no reasonable juror would have found him guilty beyond a reasonable doubt. *See House v. Bell*, 547 U.S. 518 (2000).

Petitioner in the instant case makes no express argument that "good cause" and "actual prejudice" exist for his procedural default, or that this Court's refusal to consider his procedurally-defaulted claim will result in a fundamental miscarriage of justice. To the extent petitioner constructively argues, or could argue, that "actual prejudice" is shown because the two co-defendants, if compelled to testify, may have testified favorably as to the involuntariness of his confession, the trial court effectively negated his argument:

> 10.   The applicant fails to show ineffective assistance of trial counsel based on counsel not preserving for review the issue of the trial court not compelling the testimony of co-defendants [Dung] Tran and Hoang based on the trial court's proper refusal to compel their testimony. *The applicant fails to show that the outcome of the proceedings would have been different if [Dung] Tran's and Hoang's testimony was presented in light of [other witnesses] identifying the applicant as the shooter in the instant case.*

> \*   \*   \*   \*

> 28.   The Court finds that *it is extremely unlikely that the applicant's co-defendants would have testified in a manner benefitting the applicant*, based on co-defendant Tran and Vincent Kung previously stating that the applicant was the shooter in the instant offense, and co-defendant[] Tran['s] and Hoang['s] concern not to implicate themselves.

*Id.*, pp. 230, 237-38 (citations omitted, emphasis added). No actual prejudice exists under these circumstances, as two witnesses testified at trial that it was petitioner who shot and killed the victims in the instant case.

Nor, for like reason, can petitioner demonstrate a fundamental miscarriage of justice, as his confession was not the sole evidence of his guilt. At most, petitioner shows only that, under limited circumstances, one of his co-defendants could have testified to glimpsing petitioner in handcuffs as they passed in the police station hallway at some unspecified point in time. (Docket Entry No. 23, Affidavit.) Petitioner does not provide the Court with the second co-defendant's anticipated testimony, or show that the co-defendant would have provided facts essential to justify petitioner's opposition to summary judgment. *See* Fed. R. Civ. P. Rule 56(f). To the contrary, petitioner speculates that the second co-defendant may be able to testify that he did not feel he could leave the scene when stopped by the police. Such speculation at this point affords petitioner no grounds for federal habeas relief.

Even assuming the issue were properly before this Court, no ground for federal habeas relief is shown. The Fifth Circuit recognizes that a witness's right against self-incrimination will outweigh a defendant's right to force that witness to testify, as a defendant's Sixth Amendment rights do not override the Fifth Amendment rights of others. *Brown v. Cain*, 104 F.3d 744, 749 (5th Cir. 1997). Petitioner cites no Supreme Court authority to the contrary. Although substantial governmental interference with a defense witness's choice to testify may violate the due process rights of a defendant, *United States v. Goodwin*, 625 F.2d 693, 703 (5th Cir. 1980), there is no argument or evidence of such interference in the instant case. Petitioner does not show that the trial court erred in allowing the co-defendants to invoke their Fifth Amendment privileges at the suppression hearing and trial.

Petitioner fails to show that the state courts' denials of relief on this issue were contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 404-05. Petitioner further fails to rebut the presumed correctness of the state courts' findings with clear and convincing evidence. Respondent is entitled to summary judgment on this issue.

B.    Ineffective Assistance of Counsel

The Court has liberally construed petitioner's petition and response as raising a claim for ineffective assistance of trial counsel. Under this claim, petitioner constructively argues that trial counsel was deficient in not objecting to the trial court's failure to compel his co-defendants' testimony at the pretrial suppression hearing and trial.

In rejecting petitioner's claims for ineffective assistance of counsel, the trial court on collateral review made the following relevant finding:

> 10.    The applicant fails to show ineffective assistance of trial counsel based on counsel not preserving for review the issue of the trial court not compelling the testimony of co-defendants [Dung] Tran and Hoang based on the trial court's proper refusal to compel their testimony. *The applicant fails to show that the outcome of the proceedings would have been different if [Dung] Tran's and Hoang's testimony was presented in light of [other witnesses] identifying the applicant as the shooter in the instant case.*

*Ex parte Tran*, p. 237 (emphasis added). Accordingly, even assuming the co-defendants were to testify, petitioner and the record fail to demonstrate a reasonable probability that the results of the trial would have been different.

11

Nor does petitioner show that, had counsel made the objection, it would have been granted. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Because the state courts upheld the trial court's refusal to compel the co-defendants' testimony, petitioner fails to show that counsel's objection would have been granted. Petitioner establishes neither deficient performance nor prejudice under *Strickland*.

Petitioner fails to show that the state court's denial of relief under this issue was contrary to or involved an unreasonable application of *Strickland*, and fails to rebut the presumed correctness of the state courts' findings with clear and convincing evidence. Respondent is entitled to summary judgment on this issue.

## IV.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 18) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on the __10__ day of September, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

12